**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**FOX AND OWL MARKETING, LLC,**
an Oklahoma limited liability company,

Plaintiff,

**Case No. 5:26-cv-01438-R**

v.

FILED

SEP 0 2 2026

**MATTHEW RUFFNER, an individual, doing business as OPTICL.AI INTELLIGENCE NETWORK,**

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY nao, DEPUTY

Defendant.

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2), OR, IF TRANSFER RATHER THAN DISMISSAL IS WARRANTED, TO TRANSFER PURSUANT TO 28 U.S.C. § 1631, OR, ALTERNATIVELY, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a), AND BRIEF IN SUPPORT**

Defendant Matthew Ruffner ("Ruffner"), appearing pro se, respectfully moves the Court to dismiss this action without prejudice under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. If the Court finds personal jurisdiction lacking but concludes that transfer rather than dismissal is in the interest of justice, Ruffner alternatively requests transfer to the United States District Court for the Southern District of Ohio, Western Division, under 28 U.S.C. § 1631. If the Court instead finds that Oklahoma may exercise personal jurisdiction, Ruffner alternatively requests a discretionary transfer to that same Ohio court under 28 U.S.C. § 1404(a).

## INTRODUCTION

FOM is an Oklahoma company; Ruffner is an Ohio domiciliary whom FOM hired under a signed offer expressly designating his position "Remote." Throughout the employment relationship, Ruffner lived and worked in Ohio, never traveled to Oklahoma,

and was not provided an Oklahoma office or workstation. The offer contains no Oklahoma forum-selection clause, no express consent to Oklahoma jurisdiction, and no requirement that Ruffner work at an Oklahoma location. FOM's Employee Handbook likewise recognizes employees who are "remote or local" and contains a remote-work policy.

FOM nevertheless alleges jurisdiction because Ruffner worked for an Oklahoma company, FOM allegedly suffered harm in Oklahoma, and Opticl.ai allegedly affects Oklahoma commerce. Compl. ¶ 7. FOM also alleges that Ruffner revealed Opticl.ai through an "unsolicited sales pitch" to FOM leadership. Compl. ¶ 42. Ruffner denies that alleged sales pitch under penalty of perjury. He further states that Opticl.ai was designed, developed, and operated from Ohio; has had no Oklahoma clients; has generated no Oklahoma revenue; and has not been advertised or solicited specifically toward Oklahoma residents or businesses. Ruffner Decl. ¶¶ 12-20. Those facts directly undermine any contention that Ruffner deliberately exploited the Oklahoma market through Opticl.ai.

This motion does not ask the Court to decide the disputed merits concerning source code, client data, trade secrets, contractual duties, or Opticl.ai. It asks only whether FOM has shown constitutionally sufficient Oklahoma contacts and, alternatively, which federal forum should hear the case.

## FACTUAL BACKGROUND

1. FOM alleges that it is an Oklahoma limited liability company with its principal place of business in Oklahoma County, Oklahoma. Compl. ¶ 1.

2. FOM expressly alleges that Ruffner is an individual residing in the State of Ohio. Compl. ¶ 2. Ruffner resides in Piqua, Miami County, Ohio, and Ohio is his domicile. Ruffner Decl. ¶ 2.

3. On May 29, 2025, Ruffner and FOM executed a written employment offer for a Marketing Specialist position. A true and correct copy is attached as Exhibit A to Ruffner's Declaration.

4. The signed offer states: "Location: Remote." Ex. A at 1. It contains no Oklahoma forum-selection clause, no express consent to Oklahoma jurisdiction, and no requirement that Ruffner work at an Oklahoma location.

5. FOM's Employee Handbook, last updated May 19, 2025, expressly states, "Whether you're remote or local, new or tenured, you're a valued part of a team," and separately provides a "Remote Work" guideline. A true and correct copy is attached as Exhibit B. Ex. B at 2, 4.

6. The Handbook contains confidentiality, conflict-of-interest, remote-work, and other employment policies, but it does not contain an Oklahoma forum-selection clause or an express agreement by Ruffner to submit disputes to Oklahoma courts.

7. Ruffner states that FOM knew he resided and would work in Ohio; he executed the employment offer in Ohio; he ordinarily performed his employment duties in Ohio; FOM provided no Oklahoma office or permanent workstation; and he never traveled to Oklahoma during his employment. Ruffner Decl. ¶¶ 3, 5-10.

8. Ruffner further states that he designed, developed, coded, and operated Opticl.ai from Ohio. The computers used for the software-development and other computer activities

at issue are his personal property located in Ohio, and he accessed and maintained cloud-based development repositories from Ohio. Ruffner Decl. ¶¶ 12-16.

9. Ruffner does not own real property in Oklahoma, maintain an office in Oklahoma, or employ any person in Oklahoma. Ruffner Decl. ¶ 11.

10. The Complaint alleges that Ruffner disclosed the conduct at issue through an "unsolicited sales pitch" to FOM leadership. Compl. ¶ 42. Ruffner expressly denies that allegation and states that he never pitched Opticl.ai to FOM. Ruffner Decl. ¶ 17.

11. The Complaint also alleges that Ruffner operates a competing business that "affects Oklahoma commerce." Compl. ¶ 7. Ruffner states that Opticl.ai has had no clients located in Oklahoma, has generated no Oklahoma revenue, and he has never directed Opticl.ai advertising or solicitation specifically toward Oklahoma residents or businesses. Ruffner Decl. ¶¶ 18-20.

12. FOM asserts claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and Oklahoma law. The Complaint's claims arise from the parties' employment relationship and from alleged acts involving software, information, and an Internet-based business.

## ARGUMENT AND AUTHORITIES

## I. THE COURT SHOULD DISMISS FOR LACK OF PERSONAL JURISDICTION.

### A. FOM bears the burden of establishing personal jurisdiction.

Personal jurisdiction is a threshold issue. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999); Pepe Tools, Inc. v. Sunstone Engineering, LLC, No. CIV-23-907-D, 2024 WL 3263844, at *2 (W.D. Okla. July 1, 2024). FOM bears the burden of

establishing jurisdiction. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000); Dental Dynamics, LLC v. Jolly Dental Group, LLC, 946 F.3d 1223, 1228 (10th Cir. 2020).

Without an evidentiary hearing, FOM need only make a prima facie showing. Shrader, 633 F.3d at 1239. Plausible, uncontroverted allegations are accepted and genuine conflicts in competing evidence are resolved in FOM's favor. Id.; Intercon, 205 F.3d at 1247. But once Ruffner controverts a jurisdictional allegation by declaration based on personal knowledge, FOM cannot rely on the allegation alone; it must support its jurisdictional position with competent material. Shrader, 633 F.3d at 1248; Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 965 (10th Cir. 2022). Ruffner directly denies the alleged sales pitch. If FOM supplies contrary evidence and the Court deems that fact material, Ruffner requests a limited Rule 12(i) evidentiary hearing. See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 n.4 (10th Cir. 2008).

The DTSA does not itself provide nationwide service of process applicable here. Accordingly, Rule 4(k)(1)(A) directs the Court to Oklahoma's long-arm rule, which extends to the limits of due process. See Fed. R. Civ. P. 4(k)(1)(A); Okla. Stat. tit. 12, § 2004(F); Pepe Tools, 2024 WL 3263844, at *2 n.3. The question therefore is whether Ruffner has the constitutionally required minimum contacts with Oklahoma and whether exercising jurisdiction is consistent with fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

**B. Oklahoma does not have general jurisdiction over Ruffner.**

General jurisdiction permits suit on claims unrelated to forum contacts only where a defendant is essentially at home. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). For an individual, the paradigm forum is the individual's domicile. Id. at 924. FOM itself alleges Ruffner resides in Ohio, Compl. ¶ 2, and does not plead facts suggesting that he is domiciled in Oklahoma. General jurisdiction is therefore unavailable; FOM must establish specific jurisdiction claim by claim. See Dental Dynamics, 946 F.3d at 1228.

**C. The remote employment relationship does not automatically establish specific jurisdiction.**

Specific jurisdiction requires that Ruffner himself have purposefully created suit-related contacts with Oklahoma and that FOM's claims arise out of or relate to those contacts. Walden, 571 U.S. at 284-86; Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255, 262 (2017). A defendant's relationship with a forum resident, standing alone, is insufficient. Walden, 571 U.S. at 286.

A contract with a forum resident is not by itself enough. Burger King instructs courts to examine prior negotiations, contemplated future consequences, contract terms, and the parties' actual course of dealing. 471 U.S. at 478-79. The Tenth Circuit applies that functional inquiry rather than a mechanical rule based on the plaintiff's location. Old Republic, 877 F.3d at 905-13; Dental Dynamics, 946 F.3d at 1229-30.

FOM will likely emphasize that its relationship with Ruffner was continuing rather than a single transaction. Ruffner does not dispute that the parties had an employment relationship. But the written terms and actual place of performance remain

jurisdictionally important. FOM knowingly hired an Ohio resident under a signed offer expressly designating the position "Remote." Ex. A at 1. Ruffner states that he executed the offer in Ohio, performed his employment duties from Ohio, was never provided an Oklahoma office or permanent workstation, and never traveled to Oklahoma during his employment. Ruffner Decl. ¶¶ 3-10. The offer does not require performance in Oklahoma, select Oklahoma courts, or contain an Oklahoma forum-selection clause. The Handbook likewise expressly anticipates remote employees and remote work. Ex. B at 2, 4. Those facts materially distinguish an agreement that deliberately requires performance in the forum or otherwise creates forum-specific obligations.

**D. FOM cannot establish purposeful direction merely from its own Oklahoma residence and alleged Oklahoma injury.**

For intentional-tort theories, the Tenth Circuit frequently asks whether the defendant committed an intentional act expressly aimed at the forum with knowledge that the brunt of the injury would be felt there. Dudnikov, 514 F.3d at 1072; Dental Dynamics, 946 F.3d at 1231. After Walden, however, a plaintiff's forum connection cannot substitute for the defendant's own forum contacts. The defendant's suit-related conduct must create the substantial connection with the forum State itself. Walden, 571 U.S. at 284-90.

Dental Dynamics is particularly instructive: alleged tortious communications with an Oklahoma plaintiff and isolated outreach to that plaintiff did not establish express aiming at Oklahoma. 946 F.3d at 1231-32. Likewise, injury suffered by an Oklahoma resident is not itself a defendant-created Oklahoma contact. Walden, 571 U.S. at 290; Old

Republic, 877 F.3d at 917. Here, Ruffner states that the allegedly relevant software-development and computer activities he personally performed occurred in Ohio, and he denies the Complaint's alleged Oklahoma-directed sales pitch. Ruffner Decl. ¶¶ 12-17. FOM must identify conduct showing that Ruffner targeted Oklahoma as a forum, not merely FOM as an Oklahoma resident.

**E. An Internet-accessible business does not establish purposeful direction toward Oklahoma.**

The Complaint alleges that Ruffner's competing business "affects Oklahoma commerce" and that Opticl.ai is marketed and sold online. Compl. ¶¶ 7, 47-49. Those generalized allegations do not establish that Ruffner purposefully exploited the Oklahoma market.

Shrader specifically adapted personal-jurisdiction doctrine to Internet activity. The Tenth Circuit held that the focus must be on whether the Internet user or site intentionally directed activity at the forum, rather than merely making the activity accessible there. 633 F.3d at 1240-41. Thus, maintenance of a website does not by itself subject its operator to jurisdiction simply because forum residents can access it. Id. at 1241. The court looks for indications that the defendant deliberately directed the message or operation toward the forum. Id. at 1241, 1244.

Old Republic likewise found no purposeful direction from a geographically neutral website and online materials, emphasizing the absence of forum-targeted advertising, substantial forum sales, a large forum customer base, or comparable market exploitation. 877 F.3d at 914-18. By contrast, XMission, L.C. v. PureHealth Research found deliberate

targeting where the defendant knowingly sent hundreds of marketing emails directly to known Utah residents. 105 F.4th 1300, 1311-14 (10th Cir. 2024).

The record presented with this Motion affirmatively shows the absence of comparable Oklahoma targeting. Ruffner states under penalty of perjury that Opticl.ai has had no clients located in Oklahoma, has generated no revenue from Oklahoma, and he has never directed advertising or solicitation specifically toward Oklahoma residents or businesses. Ruffner Decl. ¶¶ 18-20. These facts distinguish a generally accessible Internet business from the deliberate forum exploitation discussed in Old Republic and XMission. The only concrete Oklahoma-directed solicitation alleged by FOM is the supposed unsolicited sales pitch to FOM itself, and Ruffner expressly denies that the alleged pitch ever occurred. Ruffner Decl. ¶ 17.

Pepe Tools shows the contrast. Jurisdiction there rested on deliberate acts aimed at halting identified Oklahoma-based sales and direct demands concerning Oklahoma commercial activity. 2024 WL 3263844, at *6-*8. Here, by contrast, Ruffner denies the alleged sales pitch under penalty of perjury; Opticl.ai has no Oklahoma clients and no Oklahoma-derived revenue; and Ruffner has not directed advertising or solicitation specifically toward Oklahoma. Ruffner Decl. ¶¶ 17-20. Thus, FOM cannot convert the general nationwide accessibility of an Internet business into purposeful exploitation of the Oklahoma market.

**F. If the Court finds minimum contacts, the fairness factors still weigh against forcing an Ohio individual into Oklahoma.**

If minimum contacts are established, the Court considers the burden on the defendant, Oklahoma's interest, FOM's interest in convenient relief, interstate efficiency, and shared state interests. Dudnikov, 514 F.3d at 1080. Ruffner is an individual domiciled in Ohio who was hired into an expressly remote position, lived and worked in Ohio throughout the relationship, and never traveled to Oklahoma during his employment. Ruffner Decl. ¶¶ 2-10. The software-development and computer activities he personally performed that are at issue occurred in Ohio, and relevant physical computers are his personal property located in Ohio. Id. ¶¶ 12-16. Opticl.ai has no Oklahoma clients, no Oklahoma-derived revenue, and no Oklahoma-targeted advertising or solicitation. Id. ¶¶ 18-20. Oklahoma has an interest in providing a forum to an Oklahoma business claiming injury, but that interest does not itself establish minimum contacts and should be weighed against the burden on an Ohio individual whose challenged conduct and relevant physical equipment are centered in Ohio.

## II. IF PERSONAL JURISDICTION IS LACKING BUT THE COURT ELECTS TRANSFER RATHER THAN DISMISSAL, § 1631 PROVIDES THE APPROPRIATE TRANSFER MECHANISM.

Ruffner's primary requested relief is dismissal without prejudice. If the Court finds a want of personal jurisdiction but concludes that the interest of justice favors transfer rather than dismissal, 28 U.S.C. § 1631 authorizes transfer to a federal court in which the action could have been brought when filed. Section 1631 further provides that the action proceeds in the transferee court as though filed there on the original filing date.

The Tenth Circuit recognizes § 1631 as the proper statutory mechanism to cure a lack of personal jurisdiction. Ross v. Colorado Outward Bound School, Inc., 822 F.2d

1524, 1527 (10th Cir. 1987); FDIC v. McGlamery, 74 F.3d 218, 220 (10th Cir. 1996); Viernow v. Euripides Development Corp., 157 F.3d 785, 793 (10th Cir. 1998).

This action could have been brought in the Southern District of Ohio. Ruffner is the only defendant and is domiciled in Piqua, Miami County, Ohio. Ruffner Decl. ¶ 2. A natural person resides, for venue purposes, in the judicial district where domiciled. 28 U.S.C. § 1391(c)(1), and an action may be brought in a district where all defendants reside. Id. § 1391(b)(1). Miami County lies in the Western Division of the Southern District of Ohio. 28 U.S.C. § 115(b)(1).

Accordingly, if the Court finds Oklahoma personal jurisdiction lacking but determines that transfer rather than dismissal is in the interest of justice, Ruffner requests transfer to the United States District Court for the Southern District of Ohio, Western Division.

## III. IF THE COURT FINDS PERSONAL JURISDICTION, IT SHOULD ALTERNATIVELY TRANSFER THE ACTION TO THE SOUTHERN DISTRICT OF OHIO UNDER § 1404(a).

Section 1404(a) authorizes transfer, for the convenience of parties and witnesses and in the interest of justice, to a district where the action might have been brought. As shown above, the Southern District of Ohio is such a district.

The Tenth Circuit considers the plaintiff's choice of forum; accessibility of witnesses and proof, including compulsory process; cost of proof; enforceability of a judgment; relative advantages and obstacles to a fair trial; docket congestion; conflict-of-laws issues; the advantage of having local courts decide local-law questions; and practical considerations making trial easy, expeditious, and economical. Employers Mutual

Casualty Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)).

FOM's choice of its home forum receives substantial weight, the movant bears the burden, and merely shifting inconvenience is insufficient. Bartile Roofs, 618 F.3d at 1167. Still, Ohio is not merely Ruffner's present residence. The parties' written relationship expressly contemplated remote employment; FOM knew Ruffner would work from Ohio; Ruffner performed his employment duties from Ohio and never traveled to Oklahoma during the employment; and the design, development, coding, and operation of Opticl.ai occurred from Ohio. Ruffner Decl. ¶¶ 3-16. There is no bargained-for Oklahoma forum. Opticl.ai also has no Oklahoma clients, has generated no Oklahoma revenue, and has not been advertised or solicited specifically toward Oklahoma residents or businesses. Id. ¶¶ 18-20. These facts tie Ohio directly to the relationship and to the conduct Plaintiff places at the center of its claims.

The location of proof also provides some practical support for Ohio. The computers used for the software-development and other computer activities at issue are Ruffner's personal property physically located in Ohio, and his cloud-based development materials were accessed and maintained from Ohio. Ruffner Decl. ¶¶ 15-16. Ruffner recognizes that electronically stored information is generally portable and does not overstate this factor. The federal DTSA claim is neutral; the Oklahoma-law claims favor Oklahoma to some degree. The witness factor is presently mixed because neither side has identified a material nonparty witness requiring compulsory process. See Bartile Roofs, 618 F.3d at 1169. On balance, if Oklahoma jurisdiction exists, the expressly remote

relationship, Ohio-centered performance and development activity, location of relevant physical equipment, absence of any bargained-for Oklahoma forum, and practical burden on an individual litigant support transfer to the Southern District of Ohio, Western Division.

## IV. ALTERNATIVELY, A LIMITED JURISDICTIONAL HEARING IS APPROPRIATE IF THE COURT DEEMS THE DISPUTED SALES-PITCH FACT MATERIAL.

Paragraph 42 alleges an unsolicited sales pitch; Ruffner denies it under penalty of perjury. If FOM relies on that alleged solicitation as a material Oklahoma-directed act and submits contrary evidence, Ruffner requests a limited Rule 12(i) hearing to resolve that threshold jurisdictional fact.

## CONCLUSION

For the foregoing reasons, Ruffner respectfully requests that the Court (1) dismiss this action without prejudice under Rule 12(b)(2) for lack of personal jurisdiction; (2) if the Court finds jurisdiction lacking but elects transfer in the interest of justice rather than dismissal, transfer the action to the United States District Court for the Southern District of Ohio, Western Division, under 28 U.S.C. § 1631; (3) if the Court finds personal jurisdiction exists, alternatively transfer the action to that same Ohio court under 28 U.S.C. § 1404(a); or (4) if necessary, conduct a limited Rule 12(i) hearing regarding materially disputed jurisdictional facts. Ruffner further requests such other relief as the Court deems just and proper.

Respectfully submitted,

Matthew Ruffner, Pro Se
417 N. Wayne Street
Piqua, OH 45356
Telephone: (937) 418-2509
Email: mruffner105@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of September, 2026, I served a true and correct copy of the foregoing Motion and Brief, together with the supporting Declaration and attached exhibits, by United States Mail, postage prepaid, upon:

Alex M. Sharp, OBA No. 31876
Davis Business Law, PLLC
5500 North Western Avenue, Suite 106
Oklahoma City, OK 73118

Matthew Ruffner